UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS RICHEY,

                Plaintiff,

   v.

WILLIAM LANE,

                Defendant.

No. 09-5195FDB/JRC

REPORT AND RECOMMENDATION

NOTED FOR:
June 26, 2009

     This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff was granted *in forma pauperis* status in superior court. The Defendant has removed the action to this court. Defendant has filed a motion to dismiss, (Dkt. # 6). In response plaintiff has amended the complaint to eliminate his federal claims and argues the court lacks subject matter jurisdiction based on the amendment and on the timing of the removal.

Report and Recommendation- 1

Having considered the entire file the court recommends this action be remanded to State Superior Court, not because the court lacks jurisdiction, but because the issue remaining is a state issue and should be ruled on by a state court.

## HISTORY

Plaintiff filed this action in Washington State Superior Court and was granted *in forma pauperis* status (Dkt # 1, Exhibits). Plaintiff states the action was served on defendant Lane on March 11, 2009 (Dkt. # 6). Defendants do not contest plaintiff's assertion. On April 10, 2009, the action was removed to federal court by defendant Lane. Defendant Lane then filed a motion to dismiss the action (Dkt # 5).

After removal of the action to federal court, plaintiff amended the complaint to delete his federal claims (Dkt. # 7). In response to the motion to dismiss plaintiff argues the timing of removal and his amendment of the complaint are both facts that divest the court of subject matter jurisdiction (Dkt. # 6). The remaining state claims are that defendant violated his rights to due process under the Washington State Constitution Article 1 Section 3 and his right to be free from cruel and unusual punishment under Article 1 Section 14 (Dkt. # 7).

## DISCUSSION

1. *Motion to Remand*.

Plaintiff sets forth two arguments for remanding this action to state court. His first argument is that the removal was untimely. Plaintiff asserts the action was served March 11, 2009 (Dkt. # 6, page 1). The action was not removed until April 10, 2009 (Dkt. # 1). Plaintiff argues the action was removed on day thirty-one. A defendant has thirty days from date of service to remove an action. See, 28 U.S.C. § 1446 (b). A court does not count the day of service

Report and Recommendation- 2

when determining a time line. See, Fed. R. Civ. P. 6 (a)(1). Thus, March 12, 2009, was day one. The notice of removal was filed on day thirty and is timely.

Plaintiff has now amended his complaint deleting his federal claims, (Dkt. # 7). Plaintiff argues the court lacks subject matter jurisdiction and the case must be remanded because there are now no federal claims remaining in the action. (Dkt # 6, page 2). Removal jurisdiction is based on the complaint at the time of removal. Libhart v. Santa Monica Diary Company, 592 F2d 1062 (9th Cir. 1979). Plaintiff's amendment deleting his federal claims has no effect on this court's subject matter jurisdiction. Sparta Surgical Corporation v. National Association of Security Dealers Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). Removal was proper at the time of removal and this court has subject matter jurisdiction.

This does not mean the court must retain jurisdiction over the pendent state claims. The court has discretion whether it dismisses, remands, or retains jurisdiction over the remaining state law claims. There is authority for the proposition that retaining a case that is in the early stages after dismissal of the federal claims is abuse of discretion. Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988). However, there is also authority for the proposition that the court should consider if plaintiff has engaged in manipulative tactics in dismissing his federal claims in an attempt to pick his forum. Carnegie-Mellon University v. Cohill, 484 U.S. at 357. The factors the court must consider are judicial economy, convenience, fairness, and comity. Carnegie-Mellon University v. Cohill, 484 U.S. at 349-350.

In the motion to dismiss plaintiff cites to limited authority for the proposition that there is no separate state cause of action created for a Due Process violation under Article 1 Section 3 of the Washington State Constitution (Dkt. # 9, pages 3 and 4 citing; (Reid v. Pierce County, 136 Wash.2d 195, 213-214, 961 P.2d 333 (1998); Spurrell v. Bloch, 40 Wash. App. 854, 860-861, 701

Report and Recommendation- 3

P.2d 529, *review denied*, 104 Wash.2d 1014 (1985); Sys. Amusement, Inc. v. State, 7 Wash. App. 516, 517, 500 P. 2d 1253 (1972)). The cases cited do not necessarily support the proposition that there is no state created cause of action for an alleged violation of the cruel and unusual punishment clause of the Washington State Constitution under Article 1 section 14. Plaintiff alleges causes of action under these two separate provisions of the State Constitution.

The Court can think of no greater intrusion into a state's sovereignty then when a Federal Court interprets a State's Constitution. The concept of comity is controlling in this case. Comity is recognition given by the courts of one state or jurisdiction of the laws and judicial decisions of another state or jurisdiction. Despite the fact that plaintiff has attempted to manipulate the pleadings, the court is convinced that either remand or dismissal is proper in this case. Here, the questions raised directly allege a cause of action under the Washington State Constitution. Therefore, remand, rather than dismissal appears appropriate. The court concludes that while it has subject matter jurisdiction, this case should be remanded to state court. Having reached this conclusion the court does not address the pending motion to dismiss (Dkt # 5).

## CONCLUSION

The court recommends this action be remanded to state court as plaintiff has deleted all federal claims. The court did not address Defendant's motion to dismiss in light of this report and recommendation.

Plaintiff may not again amend his complaint in this action without leave of the state court. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit

Report and Recommendation- 4

imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 26 2009,** as noted in the caption.

DATED this 1st day of June, 2009.

_____
J. Richard Creatura
United States Magistrate Judge

Report and Recommendation- 5